## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DIANE McDERMED,

    *Plaintiff,*

vs.

MARIAN CLINIC, INC. & SISTERS OF CHARITY LEAVENWORTH HEALTH SYSTEM, INC.,

    *Defendants.*

Case No. 14-2194-EFM-KMH

## MEMORANDUM AND ORDER

Plaintiff Diane McDermed has filed suit against her former employers Defendants Marian Clinic and Sisters of Charity Leavenworth Health System alleging age discrimination and retaliation. Plaintiff designated Kansas City, Kansas, as the place of trial. This matter comes before the Court on Defendants' Motion to Transfer Jury Trial Venue (Doc. 13). Marian Clinic and Sisters of Charity allege there is no connection between Kansas City and this case and request to transfer venue to Topeka. This Court agrees Kansas City would be an inconvenient venue because as it stands all potential witnesses work in Topeka, the employee records are located in Topeka, and the events that gave rise to this cause of action occurred in Topeka. Therefore, the Court grants Defendants' motion to transfer.

## I. Factual and Procedural Background

McDermed, who lives in Topeka, Kansas, was employed by Marian Clinic, a health care delivery facility located in Topeka. Marian Clinic is owned by and is an affiliate of Sisters of Charity which is located in Leavenworth, Kansas. McDermed was employed as Administrative Director from 2008 until August 2013 when she was terminated from Marian Clinic. This employment relationship gave rise to the cause of action in this case. In April 2014, McDermed filed this lawsuit alleging age discrimination, retaliation for asserting Family and Medical Leave Act rights, and retaliation for making complaints of discrimination. McDermed alleges Marian Clinic and Sisters of Charity violated Title VII of the Civil Rights Act of 1964,[1] the Age Discrimination in Employment Act,[2] the Family and Medical Leave Act,[3] the Kansas Act Against Discrimination,[4] and the Kansas Age Discrimination in Employment Act.[5]

McDermed designated Kansas City, Kansas, as the place of trial. In September 2014, Marian Clinic and Sisters of Charity filed a motion to change venue (Doc. 13), arguing that Kansas City bears no connection to the allegations in this case and requests to transfer the jury trial to Topeka. In her affidavit, Marian Clinic's practice manager states that "[a]ll the employment records relating to McDermed are located at Marian Clinic's facility in Topeka" and that "[a]ll of Marian Clinic's personnel who have knowledge of facts and documents relevant to

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] 29 U.S.C. § 621 *et seq.*

[3] 29 U.S.C. § 2601 *et seq.*

[4] K.S.A. § 44-1001 *et seq.*

[5] K.S.A. § 44-1111 *et seq.*

-3-

the allegations in this lawsuit work at Marian Clinic's facility in Topeka, Kansas."[6] McDermed has not responded to the motion.

## II.     Legal Standard

Local Rule 40.2 provides that "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion."[7] "In considering a motion for intra-district transfer, the courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)."[8]

Section 1404(a) provides in pertinent part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[9] This statute grants a district court broad discretion in deciding a motion to transfer based on a case-by-case review of convenience and fairness.[10] In determining whether to transfer the case, the court considers the following factors: (1) plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy, expeditious, and economical.[11] The burden of establishing

---

[6] Aff. of Shea Robinson, Doc. 14-1, p. 2.

[7] D. Kan. R. 40.2(e).

[8] *Twigg v. Hawker Beechcraft Corp.*, 2009 WL 1044942, at *1 (D. Kan. Apr. 20, 2009).

[9] 28 U.S.C. § 1404(a).

[10] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)).

[11] *Chrysler Credit*, 928 F.2d at 1516.

that the existing forum is inconvenient is on the party moving to transfer a case pursuant to § 1404(a).[12]

### III. Analysis

The two main factors in this case are the plaintiff's choice of forum and the convenience of the witnesses.[13] Applying these factors to the facts of this case, the Court finds that the motion to transfer venue to Topeka is warranted because there is no connection between Kansas City and this case.

### A. Plaintiff's Choice of Forum

Generally, the plaintiff's choice of forum is not disturbed unless the balance weighs strongly in favor of transfer.[14] However, a plaintiff's choice of forum receives less deference when the plaintiff does not reside there.[15] Additionally, courts have given little weight to a plaintiff's choice of forum "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."[16] Here, McDermed resides in Topeka, Marian Clinic's alleged violations against McDermed occurred in Topeka, and Marian Clinic is located in Topeka. It seems the only connection this case has to Kansas City is the location of the Sisters of Charity in Leavenworth, Kansas. Thus, this factor weighs in favor of transfer.

---

[12] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

[13] *See Twigg,* 2009 WL 1044942, at *2 (limiting analysis to the two most important and relevant factors involving the facts of the case).

[14] *Scheidt*, 956 F.2d at 965.

[15] *Vanmeveren v. Int'l Bus. Machs. Corp.*, 2005 WL 3543179, at *2 (D. Kan. Dec. 27, 2005).

[16] *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993).

*B. Convenience of the Witnesses*

In deciding a motion to transfer under § 1404(a) the convenience of witnesses is the most important factor.[17] To demonstrate inconvenience, the party seeking transfer must identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary.[18] This case will involve McDermed's employment at Marian Clinic, which is located in Topeka. As it stands, all personal and potential witnesses who have knowledge of facts and documents relevant to this case work at Marian Clinic's Topeka facility. Additionally, all of the employment records related to McDermed are located in Topeka. As a result, if the trial is held in Kansas City, it would force each potential witness to travel from Topeka to Kansas City to testify. By forcing them to spend time traveling to Kansas City, these witnesses would be required to miss work. Thus, this factor weighs in favor of transfer.

## IV. Conclusion

Exercising its discretion, the Court is persuaded that Topeka is by far the more convenient venue based on its relative convenience for all witnesses and parties involved. At this time, there is no connection between Kansas City and this case, which makes Kansas City an inconvenient venue. The burden of establishing Kansas City as an inconvenient venue has been met and the balance of factors weighs strongly in favor of transfer to Topeka as the more

---

[17] *Id.*; *see also Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1121–22 (limiting its consideration of the §1404(a) factors to the location of the witnesses).

[18] *Scheidt*, 956 F.2d at 966.

convenient venue for all parties involved. Thus, in the interests of justice, the motion to transfer the trial to Topeka is granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer Jury Trial Venue from Kansas City to Topeka (Doc. 13) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 2nd day of December, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE